[Civ. No. 16167. First Dist., Div. Two. May 23, 1955.]

THE PEOPLE ex rel. Department of Public Works, Respondent, v. UNION MACHINE COMPANY (a Corporation) et al., Defendants; JULIUS HARBAND et al., Appellants.

Maurice Harband for Appellants.

Robert E. Reed, Holloway Jones, Jack M. Howard, John D. Rogers and Thomas F. Vizzard for Respondent.

NOURSE, P. J.—This is an appeal by defendants in an action in eminent domain, on the ground that errors in evidentiary rulings and instructions led to an inadequate award.

The condemnation for freeway purposes related to part of the property of defendants on Bryant and 8th Streets in San Francisco. While the complaint designated defendants' property, from which a strip was to be taken, as a single parcel (Parcel 2), it was found to consist of two separate parcels (A and B or 2A and 2B). Parcel A was an unimproved corner lot, leased to the Texas Company for gas station purposes from February 1, 1947, to January 31, 1957, at a rental of $300 per month. Pursuant to a provision of the lease, it was terminated by the Texas Company in August 1952, on the ground that condemnation of part rendered the remainder inadequate for gas station use. Plaintiff condemned 1,989 of its 6,725 square feet. Parcel B, leased to the United States, contained a building fronted on Bryant Street adjoining Parcel A and a driveway on 8th Street (also adjoining Parcel A). From this driveway plaintiff condemned 687 square feet. Defendants claimed severance damages to Parcel A but not to Parcel B.

The essential disputed point was the value of Parcel A prior to the condemnation. There was general agreement that the use as a service station then was the highest and best use. There was little divergence in the estimates of the part of the land remaining from Parcel A after the condemnation and of the part taken from Parcel B, which were equally evaluated at around $3.50 the square foot. However, plaintiff's sole expert, Mr. Kelly, a state employed appraiser, estimated the value of the land of Parcel A prior to the condemnation at $4.25 a square foot, whereas the valuations of defendants' three experts, prominent real estate brokers, averaged $7.42 a square foot. Accordingly Mr. Kelly arrived at an estimate of $8,453.25 for the part of Parcel A taken and $3,552 for severance damages, whereas the average estimate of defendants' experts for the same items was $14,800 and $17,783 respectively. In support of his low estimate Mr. Kelly urged that the rent of $300 a month for Parcel A was very high. The verdict, after the jury had viewed the premises, was $8,500 for the part of Parcel A taken and $4,000 for severance damages.

Appellants' main contentions on this appeal are that by the sustaining of objections they were prevented from: (1)

bringing out on direct examination of their experts that one of the bases of their estimates was recent offers received by appellants for Parcel A (without mentioning the prices offered), (2) from attacking the weight of Mr. Kelly's opinion on his cross-examination by questioning him as to the influence which two specific bona fide written offers allegedly made for Parcel A three and one-half or four years prior to the condemnation in amounts substantially higher than his estimate would have had on his appraisal, (3) from attacking Mr. Kelly's opinion with respect to the excessiveness of the rent of $300 a month by questioning him as to other offers of the same rent made to defendants, and an offer of the present lessee to stay at the same or higher rent if it would receive additional land to compensate it for the part taken.

With respect to the first of these points appellants concede the existing rule in this state that witnesses cannot upon the direct examination be allowed to testify as to particular transactions such as how much has been offered and refused for the land in question, (*People* v. *La Macchia,* 41 Cal.2d 738, 744 [264 P.2d 15]) but they rely on the statement in that same case at page 748 that the above rule does not apply where no price is mentioned, citing *San Francisco* v. *Tillman Estate Co.,* 205 Cal. 651, 656-657 [272 P. 585], where the same was held as to sales of other property. As the weight to be given to opinion evidence depends entirely on the reasons given in support thereof an expert witness may as a rule on direct examination be asked to state the reasons for his opinion (Code Civ. Proc., § 1872, *Long Beach City H. S. Dist.* v. *Stewart,* 30 Cal.2d 763, 773 [185 P.2d 585, 173 A.L.R. 249]). Insofar as the stated exclusionary rule does not apply appellants should have been permitted to bring out the fact that the opinions of their experts were based in part on offers. In itself their restriction in this respect could not be sufficiently prejudicial to require reversal as without statement of the amounts and circumstances of the offers, which may not be brought out on direct, the permitted statement alone could not be very effective in giving weight to the opinions, but in conjunction with the restriction of the cross-examination this point also is of some importance. Appellants' contention that the whole rule which excludes on direct examination details as to offers received is obsolete, as held by a minority of three in the La Macchia case, evidently cannot be examined by us because we are bound by the opinion of the majority, which, accordingly, we followed in *Redwood*

*City etc. School Dist.* v. *Gregoire,* 128 Cal.App.2d 766, 774 [276 P.2d 78].

With respect to the repeated restriction of questioning of Mr. Kelly on cross-examination as to offers to purchase received by appellants, they rely on the rule that "evidence of an offer may properly be presented at such time for the purpose of testing the weight to be accorded an opinion as to value" (*People* v. *La Macchia, supra,* p. 748). Appellants duly made offer of proof of two offers received by them, the time and amounts of said offers (which were $7,000 and $10,-000 respectively above the estimate of Mr. Kelly) the deposits which accompanied them and further that if the witness would have examined them he would have found the offerors responsible and that if he had known these facts and taken them into consideration his appraisal would have been different, but that he did not try to determine whether offers had been made.

Respondent urges that the restriction can be sustained on the basis of the trial court's discretionary power to limit unreasonable cross-examination (citing *People* v. *La Macchia, supra,* p. 743). However the record shows that such was not the basis of the court's decision. The court repeatedly deferred a ruling on this point because of its importance and because of the difficulty in finding conclusive authority as to the extent to which offers could be used in cross-examination as distinguished from direct examination and finally ruled such evidence out because it had been shown that the expert had not learned of any offers. (It must be noted here that the La Macchia case, now the leading case on the matters here involved was decided after the judgment appealed from.) ▬ "If a ruling which might have been made as a matter of discretion is based entirely upon other grounds, the appellate court will not consider whether the ruling would constitute a proper exercise of the discretionary power" (5 C.J.S. 474). Here the rulings were clearly made as matters of law, of admissibility, not as matters of discretion and we must review their correctness as such (*cf.* 5 C.J.S. 477).

The essential question is then whether the fact that the witness did not know of the offers prevented his being questioned as to the effect they would have had on his opinion of fair market value if he had known them. Nothing in the language quoted from the La Macchia case requires an affirmative answer to this question. The case permits to bring out offers received "for the purpose of testing the weight

to be accorded" to the expert opinion. It is not true that once the jury knows that the expert has not considered any offer their evaluation of his opinion cannot further be influenced by the exact nature of the offers he failed to consider. The showing of specific bona fide recent offers, substantially differing from the expert's estimate and a concession by the expert witness that his estimate would have been different if he had known of them will be much more effective to destroy the weight of the opinion in the mind of the jury than the knowledge alone that no offers were considered. Section 1872 Code of Civil Procedure expressly provides that an expert may be fully cross-examined on the reasons for his opinion. Accordingly it is said in *San Diego Land etc. Co.* v. *Neale*, 88 Cal. 50, 62 [25 P. 977, 11 L.R.A. 604] that opposing counsel should "for the information of the jury, and to test the value of the opinion given, be permitted the widest latitude in cross-examination." Under the above rule questioning as to specific offers not investigated by the expert should not have been excluded.

Respondent contends that the ruling could be sustained upon the belief of the trial court that the real purpose of the inquiry on cross-examination was not to test the weight of the opinion of the witness but to prove market value, for which purpose the offers are not considered admissible (*East Bay Mun. Utility Dist.* v. *Kieffer*, 99 Cal.App. 240, 261 [278 P. 476, 279 P. 178]). Again it must be pointed out that there is no indication in the record that this was the basis of the court's ruling, the only ground given being that the expert did not know of the offers. There is no such indication of an endeavor to use the offers to prove market value as would permit us to assume that the court, if it had exercised its discretion in the matter, would have excluded the question on that basis. ■ As the value of Parcel A prior to the condemnation was the essential point in dispute and the jury in this respect closely followed the opinion of plaintiff's sole expert contrary to the opinions of all defendants' experts, the unfounded restriction of the cross-examination of plaintiff's expert on the above important point cannot be considered harmless and must lead to reversal.

■ In principle the same rule is applicable to questioning concerning offers to rent at the same price as contained in the contract in effect at the time of the condemnation. Such offers were of importance with respect to the position taken by Mr. Kelly as a basis for his estimate that the con-

tractual rent was very high, and in this respect the same kind of cross-examination should be permitted subject to the trial court's discretion, as concerning the estimate itself. Here also the only ground on which the questioning was excluded was the insufficient one that the expert testified that he did not investigate such offers. As the error treated before requires reversal at any rate we need not consider the effect of the absence of an offer of proof as to the offers to rent. It suffices to state the rule for the purpose of the new trial which will ensue.

On the same grounds appellants complain of the exclusion of cross-examination of the witness Kelly with respect to a letter written by the Texas Company, the lessee of Parcel A, to the plaintiff, indicating a willingness to remain as lessee even after the term of the lease and at a possibly higher rent. Appellants urge that this offer was material to rebut the excessiveness of the existing rent to which Mr. Kelly testified. The offer was obtained by Mr. Kagan, a negotiator for plaintiff, and sent by him to defendants in a letter relating to compromise negotiations. Objection to the questioning of Mr. Kelly as to said offer and to admission in evidence of the letter was sustained on the ground that the witness had no personal knowledge of the negotiations and that the letter was hearsay. Before objections were sustained Mr. Kelly had testified that he knew of the letter, but that the proposal was conditioned on the Texas Company's receiving additional land instead of the portion condemned and that the proposal did not show what land would satisfy the conditions of the company and that so far as he knew that point had not been made sufficiently definite in Mr. Kagan's negotiations to consider the offer in determining the rental value and sales value of Parcel A.

■ As held hereinbefore the fact alone that the expert witness had no exact personal knowledge of the offer is no ground to exclude his being cross-examined on it, at least if the exact contents of the offer and its materiality can be shown. ■ However, the fact that the proposal did not relate to Parcel A alone but included other land insufficiently specified and of the specification of which the witness had no personal knowledge justifies the exclusion of the letter and the cross-examination on it as remote and immaterial, so long as the exact contents of the offer in relation to Parcel A had not been shown by other evidence. No offer of proof to that effect has been made. If such showing were

made the letter would not be objectionable as hearsay or as part of negotiations, as urged by respondent. ■ It was respondent who obtained and transmitted the offer and the fact that the offer of a lessee who was not a party to the condemnation compromise was transmitted in the course of the compromise negotiations does not alone justify its exclusion. ■ The fact alone that evidence is in some respect related to a compromise does not necessarily make it inadmissible if otherwise it would have been admissible. (*Cf. California Home Extension Assn.* v. *Hilborn,* 37 Cal.2d 459, 465 [235 P.2d 369].)

Appellants complain of the refusal of an instruction offered by them to the effect that, while unaccepted offers are not in themselves evidence of value, the fact that a witness may be acquainted with such offers or that another witness may be unacquainted with such offers may be considered by the jury in weighing the opinions of the witnesses who have expressed opinions of value for the purpose of testing the soundness of the opinion and the qualification of the witness.

The offered instruction was probably refused because it was in part not in accord with the position taken by the trial court, which prevented appellants from showing that their expert witness had considered offers, a ruling which we held to have been erroneous. The court gave a general instruction as to the influence of shown lack of information of an expert on the weight to be given to his opinion, but, although it contained in one place the word "offers," it cannot be considered sufficiently to cover the subject matter of the instruction proposed and refused, because it is complex and does not express with any clarity the purpose for which the jury may consider the evidence of offers. At a new trial instructions on this point in accordance with the holdings of the La Macchia case will have to be given.

Appellants' numerous additional grievances are not of sufficient importance to merit the space which a separate treatment of each of them would require. We have found that in each instance there was either no error or no prejudice. However, the errors stated before require a reversal.

Judgment reversed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

A petition for a rehearing was denied June 22, 1955.

---

*Assigned by Chairman of Judicial Council.