Filed 5/13/13  Zack's Inc. v. City of Sausalito CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ZACK'S INC.,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>CITY OF SAUSALITO,<br><br>        Defendant and Respondent. | A134339<br><br>(Marin County<br>Super. Ct. No. CV05-0995) |

**INTRODUCTION**

Plaintiff Zack's Inc. (Zack's) appeals from a judgment dismissing its lawsuit against defendant City of Sausalito (City) for failure to bring its action to trial within the mandatory time periods set forth in Code of Civil Procedure sections 583.310, 583.320, subdivision (a)(3) and 583.360. [1]  Zack's contends the trial court erroneously applied

---

[1] All statutory references are to the Code of Civil Procedure section, unless otherwise indicated.

Section 583.310 provides:  "An action shall be brought to trial within five years after the action is commenced against the defendant."

Section 583.320 provides in relevant part:

"(a)  If a new trial is granted in the action the action shall again be brought to trial within the following times:  . . . [¶] (3)  If on appeal an order granting a new trial is affirmed or a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court.

"(b)  Nothing in this section requires that an action again be brought to trial before expiration of the time prescribed in Section 583.310.

1

these dismissal statutes. The crux of Zack's claim on appeal is that the court was required to find the statutes tolled under section 583.340, subdivision (c), for periods during which various summary judgment or summary judgment/summary adjudication motions were pending as time during which it was "impossible, impracticable or futile" to bring the action to trial.[2] We shall conclude Zack's forfeited its right to make this claim on appeal by failing to make it to the trial court. We shall affirm the judgment of dismissal.

PROCEDURAL BACKGROUND[3]

On March 7, 2005, Zack's filed its original complaint for nuisance and inverse condemnation against the City and Edgewater Yacht Sales, Inc. (Edgewater). The City answered on April 5, 2005. Zack's motion to file a first amended complaint adding new

---

Section 583.340 provides: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:

"(a) The jurisdiction of the court to try the action was suspended.

"(b) Prosecution or trial of the action was stayed or enjoined.

"(c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

[2] Zack's asserts: (1) the court erred in applying the provisions of section 583.310 to dismiss this action when it had already been brought to trial within the mandatory five-year period; (2) the court erred in failing to apply section 583.340, subdivision (c) to exclude certain time periods relating to defendants' summary judgment motions as time during which it was "impossible, impracticable, or futile" to bring the action to trial; (3) the trial court erred in applying the three-year limitation period for bringing a case to trial after reversal on appeal (§ 583.320, subd. (b)) where the five-year time prescribed in section 583.310 had not expired due to the impracticability exception of section 583.340, subdivision (c).

[3] The facts underlying the lawsuit are unnecessary to the determination of the issues here. They are set forth in our opinion *Zack's, Inc. v. City of Sausalito* (2008) 165 Cal.App.4th 1163, wherein we held the trial court had erroneously granted summary judgments in favor of defendant City and others on statute of limitations grounds. We reversed the judgments in favor of defendants entered on that bases and remanded the matter to the trial court for further proceedings. (*Id.* at p. 1195.)

causes of action and new defendants was granted and the first amended complaint was filed on April 18, 2006.

On November 20, 2006, City filed points and authorities in support of a motion for summary judgment or summary adjudication. The court granted the summary judgment motion on March 1, 2007. Judgment in favor of City and all defendants but Edgewater was entered on April 13, 2007. (Judgment was entered in favor of Edgewater on June 14, 2007.)

On June 12, 2007, Zack's filed its notices of appeal. (Zack's appeal from the Edgewater judgment was filed on August 1, 2007.)

On August 11, 2008, we issued our opinion, reversing the trial court's judgment and remanding the matter for further proceedings. (*Zack's, Inc. v. City of Sausalito, supra,* 165 Cal.App.4th at p. 1195.) On October 17, 2008, the remittitur was filed in the trial court.

After remand, Zack was without counsel for two periods: the first, from April 27, 2009 through July 14, 2009, following the grant of counsel's motion to be relieved, based in part upon Zack's request that the attorney cease work on its behalf; the second, from August 16, 2010 through January 14, 2011, when Zack's principal expressly consented to the dismissal of Zack's attorney. The court advised Zack's on both occasions that the corporation could not prosecute the action without legal representation. Trial was set for February 23, 2010. Zack's moved to amend the complaint on August 11, 2009. On October 26, 2009, the trial date was continued at City's request as a condition of granting Zack's motion to amend. The City then demurred and moved to strike portions of Zack's second amended complaint. The court sustained the demurrers without leave as to certain causes of action and with leave to amend as to others. There followed several rounds of amendment of the complaint followed by demurrers, further amendment and further demurrers, eventually resulting in the sustaining of demurrers without leave to amend to causes of action for quiet title, declaratory relief and promissory estoppel.

Zack's corporate charter was suspended for more than five months from November 1, 2010 to April 12, 2011, for failure to pay taxes. During this time the corporation was not able legally to prosecute the action, although subsequent corporate revivor does not prevent the running of the statute of limitations. (*Center for Self-Improvement and Community Development v. Lennar Corp.* (2009) 173 Cal.App.4th 1543, 1552-1554; *Grell v. Laci Le Beau Corp.* (1999) 73 Cal.App.4th 1300, 1306.) (Zack's continued to prosecute the case during its corporate suspension.)

On May 2, 2011, City filed a motion for summary judgment/ summary adjudication, that the court granted as to some causes of action and denied as to others on September 13, 2011.

On August 23, 2011, Zack's and its attorney attended a case management conference where the court set the case for trial on January 20, 2012, a date occurring after the mandatory dismissal deadline. Zack's and counsel acquiesced to the scheduled trial date and did not advise the court of the looming dismissal deadline. Zack's took no action to specially set its case for trial within the requisite time periods.

On October 5, 2011, City filed a motion to specially set its motion for summary adjudication relating to Zack's claim of precondemnation damages. The court granted that motion and set the hearing for December 20, 2011.

On October 19, 2011, City filed a motion to dismiss Zack's fourth amended complaint for Zack's failure to bring the case to trial within the mandatory statutory time limits. On November 22, 2011, following a hearing, the court entered its order dismissing the matter. On January 18, 2012, Zack's filed a timely notice of appeal.

## DISCUSSION

### Dismissal for Delay in Prosecution

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."

"The mandatory dismissal statute is founded upon the policy of the diligent prosecution of actions. [Citation.] A plaintiff . . . has the duty ' "at every stage of the proceedings to use due diligence to expedite his case to a final determination."

4

[Citations.]' " (*Perez v. Grajales* (2008) 169 Cal.App.4th 580, 589 (*Perez* ).) " ' "[T]he purpose of the . . . statute is 'to prevent *avoidable* delay for too long a period.' " ' " (*Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328 (*Tamburina*).) A hearing on a demurrer, a motion for judgment on the pleadings, *or a motion for summary judgment, when it is followed by a judgment of dismissal,* constitutes a "trial" for purposes of these two statutes. (*McDonough Power Equipment Co. v. Superior Court* (1972) 8 Cal.3d 527, 530–533 [demurrer followed by a judgment of dismissal is a "trial" under former § 583, subd. (b)]; see also *Misic v. Segars* (1995) 37 Cal.App.4th 1149, 1153 [analyzing what constitutes a "trial" for purposes of § 583.320 and concluding a default judgment does not]; *Finnie v. District No. 1–Pacific Coast Dist. etc. Assn.* (1992) 9 Cal.App.4th 1311, 1319 [concluding a dismissal for lack of subject matter jurisdiction is a "trial"].)[4]

Section 583.320 provides a statutory limit of three years for bringing an action to trial in cases such as this, where a judgment has been reversed on appeal and the action remanded for a new trial. The three-year period begins to run on the date that the remittitur is filed by the trial court. (§ 583.320, subd. (a)(3).) However, subdivision (b) of section 583.320 also provides: "Nothing in this section requires that an action again be brought to trial before expiration of the time prescribed in Section 583.310." Therefore, *subject to any tolling periods,* section 583.320 required Zack's to bring its action to trial within three years of the remittitur to the trial court on its prior appeal (i.e., October 17, 2011), *or* within the term provided under the five-year statute to the extent it provided for a longer period. The effect of section 583.320, subdivision (b) is to prevent a mandatory dismissal of an action at a time more than three years after the filing of a remittitur but less than five years since the filing of the complaint. (See *Balboa Ins. Co. v. Aguirre*

---

[4] The five-year statute is satisfied once the action is "brought to trial" within the statutory period. "For purposes of the 5-year statute, 'trial' includes the determination of any issue of *fact or law* which *brings the action to the stage where final disposition can be made.* [Citation.]" (Rylaarsdam, et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2012) ¶ 11:198, p. 11-74 .)

(1983) 149 Cal.App.3d 1002, 1006 [construing former § 583].)  Hence, plaintiff gets the benefit of both the three-year statute and the five-year statute and the action cannot be dismissed unless both periods have expired.  (*Bergin v. Portman* (1983) 141 Cal.App.3d 23, 26.)

Section 583.360 makes dismissal mandatory if the requirements of section 583.320 are not met, providing that the requirements are "mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."  (§ 583.360, subd. (b).)

Zack's did not bring his action to trial within three years of the remittitur to the trial court or within five years of filing the complaint, absent tolling.  The court found, and the parties agree, that the five-year statute was tolled for the period of time the case was on appeal from the filing of the notice of appeal to the remittitur to the trial court (one year, four months and five days)  pursuant to section 583.340, subdivision (a), extending the five-year deadline from March 7, 2010 (five years after filing the complaint) to July 12, 2011—still less than the time calculated under the three-year statute.

The only remaining question is whether there was any applicable extension, excuse or exception that justified Zack's failure to bring the remanded case to trial by October 17, 2011.  (§ 583.360, subd. (b).)

Zack's asserts that the time for bringing the matter to trial was extended by the provisions of section 583.340, subdivision (c), which provides, in relevant part, "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: . . . [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."  (We shall use the term "impossible" to cover all three excuses.)

On appeal, Zack's contends for the first time that during the periods defendants' six summary judgment and summary judgment/summary adjudication motions were pending (whether before the appeal or after filing of the remittitur), it was legally impossible for Zack's to bring the action to trial.

6

Alternatively, Zack's contends for the first time that the court erred in failing to begin statutory tolling from the date of filing of each summary judgment motion and the date argumentative papers supporting each motion were filed *or* the date each motion was submitted *or* the date of any hearing on the motion. He argues that some or all of these three occasions marked the "commencement of trial" and time should be excluded from that point until judgment was rendered on the particular summary judgment/adjudication.

Zack's further contends, that the trial court erred in failing to exclude the period of time between the *entry* of judgment in favor of City on its motion for summary judgment and the date of Zack's notice of appeal from the calculation of the five-year period.

The only claim relating to tolling and the summary judgment motions that was even arguably raised in the trial court was this last—that in addition to the time the matter was pending on appeal, the trial court should have excluded the time between *entry* of judgment in favor of City on the summary judgment motion and the date of Zack's notice of appeal. Zack's never argued below that any motion for summary judgment tolled the statute, except for a brief claim in the "facts" section of its points and authorities in opposition to the City's motion for dismissal, as follows: "*After the summary judgment motion was granted*, the parties had no further ability to prosecute the case in the trial court, and the trial court had no further authority to prosecute the case after judgment was entered. Therefore, the court should include in the tolling calculation the period between November 20, 2006 (the date summary judgment was *entered*) and October 17, 2008 (the date the remittitur was filed). This period should not count when calculating the five-year statute. That means, at the outset, one year, eleven months and twenty-eight days should be subtracted from calculating the five-year prosecution statute. If that period is subtracted, the five years would not run until March of 2012." (Italics added.)

Zack's mistakenly identified the date summary judgment was "entered" as November 20, 2006, when in fact summary judgment was *entered* on April 13, 2007. Zack's never referenced this assertion or made any other assertion relating to the summary judgment motions in the "argument" section of its points and authorities. Rather, Zack's correctly asserted that the five-year statute was tolled from the filing of

7

the notice of appeal (June 12, 2007) to the date the remittitur was filed (October 17, 2008).

Zack's argued below that the matter was tolled for two additional periods it does not raise on appeal: five months during which the corporation was suspended and 7.86 months when Zack's had no legal counsel and could not prosecute the case, for a total of 12.86 months tolling in addition to the time the matter was on appeal.[5]  In its reply below, City pointed out that its summary judgment motion was *not decided* on November 20, 2006, but on March 1, 2007.  City also pointed out that even if the five-year period were tolled from March 1, 2007 to October 17, 2008 (extending the five-year period for 1 year, 7 months, and 16 days to October 23, 2011), Zach's still had not brought the case to trial by the statutory deadline.  Zack's did not respond to this point, either in writing or at hearing on the motion, apparently conceding its mistake.

It appears the trial court did not view Zack's as arguing that the tolling period included periods during which summary judgment motions were pending, as such were never mentioned in the court's opinion.  That opinion focused on the claims Zack's made in the trial court that the statutory period was tolled under section 583.340, subdivision (c) for the period of its corporate suspension and for the periods during which it was without counsel.  The court properly rejected both.[6]  On this appeal, Zack's neither reasserts the arguments it made to the trial court nor contends the court erred in rejecting

---

[5] Zack's double-counted two and a half months of this overlapping period, as the court pointed out in its decision.

[6] The court also addressed Zack's burden to demonstrate it came within the section 583.340, subdivision (c) exceptions, by showing (1) a circumstance of impossibility that (2) has a "causal connection" to plaintiff's failure to move the case to trial and (3) that plaintiff was reasonably diligent in prosecuting the case at all stages of the proceedings. (*Tamburina, supra,* 147 Cal.App.4th at p. 328.)  It found Zack's had not sustained its burden to prove exceptional or unusual circumstances justifying the periods it was without counsel or suspended as statutory exceptions; that plaintiff had not shown that its inability to retain counsel was a cause of its inability to meet the deadlines; and that plaintiff had failed to show it had been reasonably diligent in moving this case to trial. Therefore, the court refused to apply the impossibility exception.

its claims that prosecution of the action was impossible pursuant to section 583.340, subdivision (c) during those periods it was suspended or without counsel.

Even assuming Zack's had adequately raised in the trial court the claim that the statute was tolled from the March 1, 2007, determination of summary judgment or the April 13, 2007, entry of judgment on the summary judgment motion and that we determined it had merit (which we do not[7]), the exclusion of time between April 13, 2007, when the court entered judgment dismissing the action following the grant of summary judgment and June 12, 2007, the date plaintiff filed its notice of appeal, would add only an extra 60 days, extending the time period within which the matter must be brought to trial to September 12, 2011—more than one month before the dismissal motion and more than two months before the court dismissed the matter for failure to bring it to trial. Similarly, were the time period extended from March 1, 2007, the date the summary judgment motion was sustained, rather than the date judgment was entered,

_____

[7] We note that no case cited by Zack's nor found by us holds that the statute is tolled by the period during which a summary judgment motion is pending or after decision on such motion and before filing of the notice of appeal. We also note that the lapse of time between the entry of judgment and the filing of the notice of appeal is completely within appellant's control. (See, e.g., *Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 731, quoting *Wilshire Bundy Corp. v. Auerbach* (1991) 228 Cal.App.3d 1280, 1287-1288 [" ' "The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the statutory five-year constraint] *due to causes beyond his or her control.*" ' "].)

We are somewhat perplexed by Zack's repeated reliance at oral argument on *New West Federal Savings and Loan Assn. v. Superior Court* (1990) 223 Cal.App.3d 1145. That case stands for the proposition that a court may exclude the period during which a plaintiff pursues a writ in the Court of Appeal. In that case, the trial court entered an order denying summary judgment, from which the defendant filed a petition for writ of mandate. (*Id.* at p. 1148.) The appellate court found substantial evidence supported the trial court's application of the impossibility exception to exclude from the five-year time period, the 50-day period *during which the writ petition was pending in the Court of Appeal.* (*Id.* at pp. 1148, 1152.) The case cannot reasonably be read to exclude the time during which the summary judgment motion was pending in the trial court.

the statute would have run on October 23, 2011—nearly a month before the court dismissed the case.

As for Zack's broader claims that some or all periods from the filing of the various summary judgment motions to the determination of or entry of judgment on those motions should be excluded, these claims were not even arguably raised below and they are forfeited here. (*Perez, supra,* 169 Cal.App.4th at pp. 591-592.)

In *Perez, supra,* 169 Cal.App.4th 580, the Court of Appeal found plaintiff had forfeited arguments that certain periods when plaintiff (who was also co-counsel) was unavailable should have been excluded from the time calculation under the impossibility exception where these arguments were raised for the first time on appeal. According to *Perez,* "[T]his argument was not presented to the trial court. '[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court. [Citation.]' [Citations]: 'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider.') We will therefore 'ignore arguments, authority, and facts not presented and litigated in the trial court.' [Citation.] Such arguments raised for the first time on appeal are generally deemed forfeited. [Citation.]" (*Id.* at pp. 591-592.)

The *Perez* court found forfeiture "particularly appropriate" where, as in this case, review was to be conducted under the abuse of discretion standard. "Since, we review a trial court's decisions concerning the applicability of the impossibility exception for abuse of discretion (*Sanchez v. City of Los Angeles* [(2003)] 109 Cal.App.4th [1262,] 1271), it would indeed be peculiar for us to determine here that the court abused discretion it was never given an opportunity to exercise." (*Perez, supra,* 169 Cal.App.4th at p. 592.)

Zack's attempts to skirt application of the forfeiture doctrine by maintaining that the issue is a question of law, on undisputed facts. We disagree.

Our California Supreme Court recently reiterated the centrality of the exercise of trial court discretion to the "fact specific" inquiries required to determine the applicability

10

of the impossibility exception. In *Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, the court observed: "Under 583.340(c), the trial court must determine what is impossible, impracticable, or futile 'in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves. [Citations.] The critical factor in applying these exceptions to a given factual situation is whether the plaintiff exercised reasonable diligence in prosecuting his or her case.' (*Moran v. Superior Court* (1983) 35 Cal.3d 229, 238; see also *Tamburina*[*, supra,*] 147 Cal.App.4th [at p.] 326 [trial court must determine whether plaintiff has shown a circumstance of impossibility, impracticability, or futility, a causal connection to the failure to move the case to trial, and that he or she was 'reasonably diligent in prosecuting the case at all stages of the proceedings'].) A plaintiff's reasonable diligence alone does not preclude involuntary dismissal; it is simply one factor for assessing the existing exceptions of impossibility, impracticability, or futility. [Citation.] ' "[E]very period of time during which the plaintiff does not have it within his power to bring the case to trial is not to be excluded in making the computation." [Citation.]' (*Sierra Nevada Memorial-Miners Hospital, Inc. v. Superior Court* (1990) 217 Cal.App.3d 464, 472.) 'Time consumed by the delay caused by ordinary incidents of proceedings, like disposition of demurrer, amendment of pleadings, and the normal time of waiting for a place on the court's calendar are not within the contemplation of these exceptions.' [Citation.] Determining whether the subdivision (c) exception applies requires a fact-sensitive inquiry and depends 'on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles.' (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 438.) ' "[I]mpracticability and futility" involve a determination of " '*excessive and unreasonable* difficulty or expense, ' " in light of all the circumstances of the particular case.' [Citation.]

"The question of impossibility, impracticability, or futility is best resolved by the trial court, which 'is in the most advantageous position to evaluate these diverse factual matters in the first instance.' [Citation.] The plaintiff bears the burden of proving that

11

the circumstances warrant application of the section 583.340(c) exception. (*Perez*[, *supra,*] 169 Cal.App.4th at p. 590.) ' "The 'reasonable diligence' standard is an appropriate guideline for evaluating whether it was impossible, impracticable, or futile for the plaintiff to comply with [the statutory five-year constraint] due to causes beyond his or her control." ' (*Wilshire Bundy Corp. v. Auerbach*[, *supra,*] 228 Cal.App.3d at pp. 1287-1288.) The trial court has discretion to determine whether that exception applies, and its decision will be upheld unless the plaintiff has proved that the trial court abused its discretion. (*Perez*, at pp. 590-591; [citation].) Although ' " ' "part of the five-year period must necessarily be consumed in service of process, disposition of demurrers, amendment of the pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; . . . the section does not contemplate that time consumed in such ordinary proceedings are to be excluded from a computation of the five-year period." ' " ' (*Sierra Nevada Memorial-Miners Hospital, Inc. v. Superior Court, supra,* 217 Cal.App.3d 464, 472; [citation].)" (*Bruns v. E-Commerce Exchange, Inc., supra,* 51 Cal.4th at pp. 730-732.)

In the main, determination of summary judgment or summary judgment/summary adjudication motions are " 'ordinary incidents of proceedings,' " (*Bruns v. E-Commerce Exchange, Inc., supra,* 51 Cal.4th at p. 731), similar to the disposition of demurrers. It may be that a plaintiff may prove that in a particular case a pending summary judgment presented exceptional or unusual circumstances warranting court consideration of whether the section 583.340, subdivision (c) impossibility exception should apply. In such circumstances, the court would determine whether the plaintiff had shown a circumstance of impossibility has arisen that has a "causal connection" to plaintiff's failure to move the case to trial and whether plaintiff was reasonably diligent in prosecuting the case at all stages of the proceedings. (*Tamburina, supra,* 147 Cal.App.4th at p. 328.) Each of those subsidiary determinations, like the ultimate determination whether the impossibility exception applies, requires the exercise of discretion by the trial court. The court here was not presented with the proffered

exceptions that Zack posits on this appeal.  Further, the court did find that Zack's was not "reasonably diligent in prosecuting the case at all stages of the proceedings[.]"  (*Id.* at p. 326.)  We cannot find the court abused its discretion in granting the dismissal motion.

We conclude that Zack's has forfeited its argument that the statute was tolled during periods where the motions for summary judgment or summary judgment/summary adjudication were pending.

The judgment dismissing the action is affirmed.  City shall recover its costs on this appeal.


_____
Kline, P.J.


We concur:


_____
Lambden, J.

_____
Richman, J.