[No. C009216. Third Dist. Dec. 17, 1990.]

THOMAS D. NIELSEN, Plaintiff and Appellant, v.
JOHN D. STUMBOS, JR., et al., Defendants and Respondents.

**COUNSEL**

Jay-Allen Eisen and Ann Perrin Farina for Plaintiff and Appellant.

Thomas G. Redmon, Carol A. McConnell and Wilke, Fleury, Hoffelt, Gould & Birney for Defendants and Respondents.

## OPINION

**PUGLIA, P. J.**—Appellant (plaintiff) seeks a writ of supersedeas barring respondents (defendants) from attempting to execute on that portion of the trial court's judgment awarding respondents attorney fees. ▋ We are called upon to determine whether enforcement of the award of attorney fees, together with other costs, is automatically stayed by the taking of an appeal. Resolution of that question hinges on whether attorney fees recovered pursuant to a contractual provision are an element of costs when, as here, respondent has not recovered money damages. We conclude that in such a case the fees are costs, and that filing of a notice of appeal stays execution without the posting of an undertaking.

Plaintiff brought an action for an accounting against defendants, his former law partners. The partnership agreement provided that in the event of litigation concerning the contract or the rights and liabilities of the parties, the prevailing party "shall be entitled to reasonable attorney's fees."

After the court announced its decision in favor of defendants, they submitted a memorandum of costs which included a request for attorney fees in addition to the other generally allowable costs of litigation. Under the terms of the formal judgment signed by the court, plaintiff took nothing, and defendants were granted their costs and attorney fees in the total amount of $33,270.21.

After entry of judgment, defendants threatened to enforce the award of attorney fees unless plaintiff posted an undertaking to stay the judgment during the pendency of his appeal. Plaintiff seeks relief by this petition for writ of supersedeas, arguing that the filing of a notice of appeal stays enforcement of the judgment in its entirety. ▋ Supersedeas is the appropriate remedy when it appears that a party is refusing to acknowledge the applicability of statutory provisions "automatically" staying a judgment while an appeal is being pursued. (See 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 219, pp. 225-226.)

Under Code of Civil Procedure section 916, subdivision (a), "Except as provided in [Code of Civil Procedure sections] 917.1 through 917.9 and in [Code of Civil Procedure section] 117 [.7], the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ." The first exception to this general principle is set forth in Code of Civil Procedure section 917.1, which states that the taking of an appeal shall not stay enforcement of a judgment or order if it is "for money or directs the payment of money . . . ." ▋ A

judgment for costs only is not deemed a money judgment within the meaning of Code of Civil Procedure section 917.1, on the rationale that any other construction would essentially negate the automatic stay provisions of Code of Civil Procedure section 916, since virtually all judgments routinely award costs to the prevailing party. (See *Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 631 [150 P.2d 881]; *Vadas* v. *Sosnowski* (1989) 210 Cal.App.3d 471, 475 [258 Cal.Rptr. 374].)

This rule was not altered by the 1986 amendment to Code of Civil Procedure section 917.1, which directs that costs awarded in the trial court be included when calculating the amount of the undertaking required to stay a money judgment. (Code Civ. Proc., § 917.1, subd. (d); Stats. 1986, ch. 1174, § 1, p. 4172.) In *Vadas* v. *Sosnowski, supra*, it was held that the 1986 amendment applies only in cases where there is a recovery of money damages by the prevailing party in addition to costs, and was not intended to alter the traditional rule that an award of costs alone is stayed by the filing of a notice of appeal without the need to post an undertaking. (*Supra*, 210 Cal.App.3d at pp. 474-475.)

The question, then, is whether the award of attorney fees in this case should be treated as costs, or, as defendants contend, a money judgment which, in the absence of a bond, is enforceable notwithstanding the pendency of an appeal. In our opinion, the plain language of Civil Code section 1717 (section 1717) provides the answer, and we need look no further. That section, mandating reciprocity in the enforcement of unilateral contractual attorney fees provisions, indicates the intent of the Legislature that such fees be treated like other costs of litigation. Subdivision (a) of section 1717, for instance, requires an award of fees to the prevailing party and states that these fees shall be ". . . in addition to other costs." Use of the word "other" in this context implies that contractual fees are merely one among several types of costs. More explicit is the third paragraph of section 1717, which reads in full: "Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." Defendants' position is further undermined by the fact that claims for contractual attorney fees need not be pleaded and proved in the main action, but, rather, may be included in the post trial cost bill along with other elements of costs. (See *M. C. & D. Capital Corp.* v. *Gilmaker* (1988) 204 Cal.App.3d 671, 676 [251 Cal.Rptr. 178].)

In arguing that a bond should be required to stay enforcement of the attorney fees award, defendants rely primarily on the decision in *Chamberlin* v. *Dale's R.V. Rentals, Inc.* (1986) 188 Cal.App.3d. 356 [232 Cal.Rptr. 758]. In *Chamberlin*, the judgment awarded money damages to the plaintiff, along with attorney fees provided for by contract. The issue

before the appellate court was whether the attorney fees awarded should be included in determining the amount of the undertaking needed to stay the judgment pending appeal. The court concluded that for the limited purpose of calculating the amount of the undertaking, fees awarded pursuant to section 1717 were not costs, and distinguished them from the incidental costs of litigation which are traditionally exempted from bonding requirements. (188 Cal.App.3d at pp. 359-362.)

*Chamberlin* is distinguishable in that the defendants, the prevailing party here, did not obtain a money judgment. The present facts are more akin to those in *Vadas* v. *Sosnowski, supra*, where the judgment, although it did not include an award of attorney fees, was for costs alone. Moreover, more recent legislation fortifies our conclusion that *Chamberlin* does not control the result here. We have previously noted the 1986 amendment to Code of Civil Procedure section 917.1 which requires that costs be included in calculating the amount of bond required to stay a judgment for money damages. (Code Civ. Proc., § 917.1, subd. (d).) Assuming attorney fees are properly categorized as an element of costs, *Chamberlin* merely presaged the 1986 amendment, which took effect less than one month after the decision was filed.[1] The 1990 amendment to Code of Civil Procedure section 1033.5, further supports the conclusion that contractual attorney fees are to be treated as costs. The amendment, which will take effect January 1, 1991, lists items allowable under Code of Civil Procedure section 1032 and includes in subdivision (a)(10)(A) attorney fees authorized by contract. (Stats. 1990, ch. 804, § 1.) Furthermore, section 2 of the chaptered bill reads in part: "It is the intent of the Legislature in enacting this act to *confirm* that these attorney's fees are costs . . . ." (Italics added.) By thus "confirm[ing]," the Legislature intended the amendment to Code of Civil Procedure section 1033.5 to reaffirm existing law.

The language of section 1717 and recent legislation affecting related statutes lead us to conclude that contractual attorney fees awarded a party who recovers no money damages are to be treated as any other incidental cost of litigation for purposes of the automatic stay provisions of Code of Civil Procedure section 916. Accordingly, no undertaking need be posted by the plaintiff, the appellant here.

---

[1] The 1986 amendment to Code of Civil Procedure section 917.1 (Stats. 1986, ch. 1174) was approved by the Governor and filed with the Secretary of State September 26, 1986, well before the *Chamberlin* decision was filed, December 24, 1986.

Let a writ of supersedeas issue staying enforcement of the judgment for attorney fees and other costs.

Blease, J., and Nicholson, J., concurred.