[No. F011885. Fifth Dist. Jan. 17, 1992.]

ALLEN R. GRANT et al., Plaintiffs, Cross-defendants and Appellants, v.
LIST & LATHROP et al., Defendants and Respondents;
JAMES C. BROOKS et al., Defendants, Cross-complainants and
Respondents.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to California Rules of Court, rule 976.1, only the Introduction, part VIII. A. of
the Discussion, and the Disposition of this opinion are certified for publication.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

COUNSEL

Sullivan, Walsh, Rossbacher & Wood, Henry H. Rossbacher and Tracy W. Young for Plaintiffs, Cross-defendants and Appellants.

Trimbur, Davis, Clark, Jacobson & Avila and Jack M. Jacobson for Defendants and Respondents.

Gregory Scott Spencer, Winslow Christian, Michael J. Halloran, Hanson, Bridgett, Marcus, Vlahos & Rudy, Robert L. Rusky, Weil & Walters, C. Richard Walters, Diepenbrock, Wulff, Plant & Hannegan, William J. Coyne, Jack C. Dozier and Bradford J. Dozier for Defendants, Cross-complainants and Respondents.

Meyer & Mitchell, Hayes, Meyer & Mitchell, Daniel L. Mitchell, Jack Leavitt and Debra A. Hayes for Defendants and Respondents and for Defendants, Cross-complainants and Respondents.

OPINION

THAXTER, J.—

## INTRODUCTION

Judgment below was entered following a 73-day court trial of multiple consolidated, related cross-actions. Litigation arose from an aborted buy/sell agreement negotiated between appellants Allen R. Grant (Grant), Carolyn M. Grant and Grant Construction Company, Inc. (the buyers) and respondent James C. Brooks (the seller) for the purchase of Best Chevrolet, Inc. doing business as Eagle Chevrolet, a Modesto, California automobile dealership.

The judgment was adverse to the buyers on all major legal and equitable issues, except that the court allowed a downward adjustment of the purchase price. In the published portion of this opinion we hold that the timely notice of appeal from the judgment subsumed a subsequent order fixing the amount of attorneys fees awarded in the judgment. In the unpublished portions we reject all of appellants' attacks on the judgment. We affirm with directions to determine the respondents' reasonable attorneys fees on appeal.

STATEMENT OF CASE - Discussion I.-VII.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 993.

VIII. ATTORNEY FEES

A. *Failure to Appeal Postjudgment Order Fixing Amount of Fee Award*

Judgment in favor of respondents was entered on August 26, 1988, after a four-month court trial. Costs were awarded to all respondents. ██ ██ Attorney fees pursuant to Civil Code section 1717 were awarded to Brooks, CPC/Speer, Bank of America, and Delta.[6] The amounts of the various awards were left blank by the trial judge, presumably for later insertion by the clerk. On September 6, 1988, appellants filed their notice of appeal challenging the judgment. Thereafter, respondents filed their respective memoranda of costs, including the requests for fees. Appellants filed a motion to tax costs. On December 29, 1988, after hearing, the trial court rendered its order setting the amount of fees awarded. The trial court disallowed some fees sought by Brooks and CPC/Speer but otherwise found the amount of fees claimed by the parties was reasonable in light of the complexity of the litigation, the length of trial, the competency of the attorneys, and the billings submitted. Notice of entry of the order re motion to tax costs was filed on March 13, 1989. No separate appeal from this order was filed.

 Respondents correctly note the December 29, 1988, order is an appealable order pursuant to Code of Civil Procedure section 904.1, subdivision (b). (*City of Los Angeles* v. *Aalbers* (1977) 67 Cal.App.3d 80, 82-83 [136 Cal.Rptr. 396].) Relying on the appealability of the order, respondents argue appellants have lost their right of review on the issue of costs and fees by failing to file a separate appeal.

Appellants on the other hand argue the judgment, from which a timely appeal was taken, clearly awarded costs and fees and all parties understood there would be further hearings to determine the amount. Therefore, appellants argue we should construe the notice of appeal as covering both the judgment entered in August 1988 and the postappeal December 1988 order.

When a judgment includes an award of costs and fees, often the amount of the award is left blank for future determination. (See, e.g., *UAP-Columbus JV 326132* v. *Nesbitt* (1991) 234 Cal.App.3d 1028, 1039 [285 Cal.Rptr. 856].) After the parties file their memoranda of costs and any motions to tax, a postjudgment hearing is held and the trial court makes its determination of the merits of the competing contentions. When the order setting the final

---

[6]An award of attorney fees based on Civil Code section 1717 is classified as part of the costs award. (*Commercial & Farmers Nat. Bank* v. *Edwards* (1979) 91 Cal.App.3d 699, 702 [154 Cal.Rptr. 345].)

amount is filed, the clerk enters the amounts on the judgment nunc pro tunc. (Cal. Rules of Court, rule 870(b)(4).) The question raised here is whether the notice of appeal subsumes the later order setting the amount of costs or whether a separate appeal is required for review of the later order.

Analysis of the issue invokes conflicting policy considerations. ■ First, there is the general rule that notices of appeal should be construed in favor of sufficiency and the liberality with which appellate courts accept as timely an appeal filed too soon, i.e., before entry of the judgment or order challenged. (Cal. Rules of Court, rules 1(a), 2(c); see *United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 941 [266 Cal.Rptr. 231].) In direct contrast is the rule that the failure to appeal an appealable order forecloses review. (*Morrissey* v. *City and County of San Francisco* (1977) 75 Cal.App.3d 903, 906 [142 Cal.Rptr. 527]; *Taper* v. *City of Long Beach* (1982) 129 Cal.App.3d 590, 606 [181 Cal.Rptr. 169].) It is also well settled an appellate court cannot relieve a party from a default occasioned by the failure to file a timely appeal. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 666 [125 Cal.Rptr. 757, 542 P.2d 1349].)

■ The cases cited by respondents confirm the ability to challenge an award of costs and/or fees by filing a separate notice of appeal. Allowing review after a separate appeal from an order awarding costs and fees provides litigants with the option of seeking review on the matter of costs and fees even when there is no desire or ability to challenge the original judgment.

However, *requiring* a separate appeal from such an order when the judgment expressly makes an award of costs and/or fees serves no apparent purpose. The notice of appeal itself challenges the appropriateness of awarding fees and costs to respondents. Thus, appellate jurisdiction exists and respondents are on notice that appellants are seeking review of the award. Respondents have not been misled. (See *Boehm* v. *County of Merced* (1985) 163 Cal.App.3d 447, 453 [209 Cal.Rptr. 530].)

Furthermore, since the judgment expressly provides for an award of fees and costs, the issue is not a collateral matter unrelated to the judgment's validity and finality. Determination of the amount in essence defines the scope of the judgment itself. Long before we were called upon to consider any issues raised on appeal, the award amounts became a part of the judgment. If we were to follow respondents' restrictive approach, we could review only part of the judgment from which the appeal was taken and in essence rule upon a judgment containing *blanks*. We see no policy reason favoring that approach and respondents have not cited any authority requiring us to follow it.

Respondents note that by addressing the challenges to the amounts awarded, we will necessarily consider events occurring after judgment. ■ Normally an appeal reviews the correctness of a judgment at the time it is rendered and matters occurring later are irrelevant. (*In re Brittany H.* (1988) 198 Cal.App.3d 533, 554 [243 Cal.Rptr. 763]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeals, § 252, pp. 258-259.) The rule, however, is not inflexible. (*Reserve Insurance Co.* v. *Pisciotta* (1982) 30 Cal.3d 800, 813 [180 Cal.Rptr. 628, 640 P.2d 764].) ■ The fact that the court determined the amounts of fees and costs awarded is not in dispute. By considering the postjudgment matters, we are not usurping the trial court's fact-finding function. (*Ibid.*) We are satisfied that this is a proper case for our reviewing the postjudgment proceedings determining the amounts of fees and costs.

We hold that when a judgment awards costs and fees to a prevailing party and provides for the later determination of the amounts, the notice of appeal subsumes any later order setting the amounts of the award. Appellants' motion to construe the notice of appeal as encompassing both the judgment and the December 1988 order is granted.

## VIII. B.-X.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal including, for Brooks, CPC/Speer, Bank of America, and Delta, their reasonable attorney fees. The cause is remanded with directions to the trial court to determine the reasonable attorney fees on appeal awarded herein.

Stone (W. A.), Acting P. J., and Harris, J., concurred.

---

*See footnote, *ante*, page 993.