[No. B058955. Second Dist., Div. Three. May 5, 1992.]

FARSHAD NAZEMI et al., Plaintiffs, Cross-defendants and Appellants, v. DAVID TSENG, Defendant, Cross-complainant and Respondent.

## COUNSEL

Derek L. Tabone for Plaintiffs, Cross-defendants and Appellants.

David H. Goodwin and Warren M. Goodwin for Defendant, Cross-complainant and Respondent.

## OPINION

**HINZ, J.—**

### INTRODUCTION

Plaintiffs, cross-defendants and appellants Farshad Nazemi and Mahmood R. Sariaslani (plaintiffs) appeal the trial court's award of attorney fees for trial and for appeal in favor of defendant, cross-complainant and respondent David Tseng (Tseng).

Plaintiffs contend Tseng's request for attorney fees was untimely, insufficient evidence supported the award, and the trial court failed to apportion the fees between the contract and noncontract claims.

We reverse the award of attorney fees for trial and affirm the award of attorney fees on appeal.

### BACKGROUND

Plaintiffs sued defendant Tseng, lessor of premises on which Nazemi and Sariaslani did business as L.A. Eddie's Auto Body Shop, for personal injuries and property damage sustained when part of the roof fell into the office area, injuring Sariaslani and Farhad Hamadani, Nazemi's nephew. Also named as defendants were James Birch and James Birch Construction Company for negligent earthquake reinforcing work on the roof. Tseng cross-complained for indemnity based upon terms of the lease.

The trial court found Tseng was vicariously liable, due to Birch's negligent roof work, to plaintiff Hamadani for his personal injuries, because

Tseng had a nondelegable duty to keep the roof in a condition that would prevent injury to others. The trial court found Tseng not liable for the damages to plaintiffs Sariaslani and Nazemi because of the "hold harmless" clause in the lease, absolving Tseng from liability to the lessees for all injury resulting from lessor's passive negligence. Tseng and Birch were found liable to Hamadani, and Tseng, as cross-complainant, was to be indemnified by plaintiffs for this liability. Judgment was entered accordingly, with Tseng being awarded attorney fees and costs "in connection with his cross-complaint."

Plaintiffs filed a notice of appeal on October 12, 1989, and the judgment was affirmed in full on March 6, 1991, with plaintiffs to bear costs on appeal.[1] The remittitur was issued on May 10, 1991.

Tseng filed a motion for attorney fees for both trial and appeal and a memorandum of costs on appeal about April 16, 1991, before the remittitur on the appeal was issued.[2] Plaintiffs opposed the motion. After a hearing, the trial court awarded attorney fees against plaintiffs Nazemi and Sariaslani only in the sum of $15,000 for trial services and the sum of $5,000 for appeal services.

Plaintiffs appeal the award of costs and attorney fees.

## CONTENTIONS

Plaintiffs contend:

"A. The request as to the attorney's fees incurred at trial was untimely.

"B. The trial court should have apportioned any award of attorney's fees based upon a decision of work between the contract and non-contract claims.

"C. There was insufficient evidence from which the trial court could award any reasonable attorneys fees."

Tseng argues:

---

[1]Tseng asserts the opinion included a remand for a determination of costs and attorney fees. The opinion stated: "Finally, respondent Tseng requests that this court award him costs and attorneys fees necessary for this appeal. We do find that appellants shall bear costs on appeal. (Cal. Rules of Court, rule 26.) Any determination as to the *propriety and amount* of attorneys fees (which were awarded to Tseng for the trial proceedings on the cross-complaint) should be addressed to the trial court. (*Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778, 786-787.)" (*Nazemi* v. *Birch* (Mar. 6, 1991) B045534 [nonpub. opn.] typed opn. p. 9; italics added.)

[2]The record does not contain a memorandum of costs for trial.

"I. The request for attorney's fees incurred at trial was not untimely.

"II. Appellants have failed to demonstrate error or prejudice as to the issues of apportionment of attorney's fees or sufficiency of evidence in relation to the amount of attorney's fees awarded.

"III. The trial court should not have apportioned the award of attorney's fees.

"IV. There was sufficient evidence for the trial court to award attorney's fees.

"V. Respondent requests that this court award sanctions against appellants and their attorney for the filing of this frivolous appeal.

"VI. Respondent Tseng hereby requests that this court award him cost and attorney's fees necessary for this appeal."

### DISCUSSION

1. *Timeliness of Claim of Attorney Fees for Trial*

"When a judgment includes an award of costs and fees, often the amount of the award is left blank for future determination. (See, e.g., *UAP-Columbus JV 326132* v. *Nesbitt* (1991) 234 Cal.App.3d 1028, 1039 [285 Cal.Rptr. 856].) After the parties file their memoranda of costs and any motions to tax, a postjudgment hearing is held and the trial court makes its determination of the merits of the competing contentions. When the order setting the final amount is filed, the clerk enters the amounts on the judgment nunc pro tunc. (Cal. Rules of Court, rule 870(b)(4).)" (*Grant* v. *List & Lathrop* (1992) 2 Cal.App.4th 993, 996-997 [3 Cal.Rptr.2d 654].)

Rule 870(a)(1) of the California Rules of Court requires "the prevailing party" to "serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment or dismissal by the clerk under Code of Civil Procedure section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first."

Attorney fees on a contract may be awarded pursuant to Civil Code section 1717.[3] Allowable prejudgment costs, including attorney fees, must be claimed in accordance with the rules adopted by the Judicial Council. (Code Civ. Proc., §§ 1033.5, subd. (a) (10) and 1034.) Rule 870.2 requires a notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 to be served before or at the same time as the memorandum of costs.

Judgment was signed on August 31, 1989, with Tseng to recover from Sariaslani and Nazemi $3,500 to indemnify him for payment on the judgment in favor of Hamadani and the further sum, indicated by a blank, for attorney fees and costs in connection with his cross-complaint. On October 2, 1989, the trial court overruled plaintiffs' objections to the statement of decision and the proposed judgment, submitted after the trial court had already received and signed the proposed judgment. The trial court provided the parties with notice of this order.

Plaintiffs contend that even under the most liberal interpretation of the deadlines, the last date to file a memorandum of costs and motion for attorney fees for trial was March 30, 1990. Thus, plaintiffs contend, Tseng's motion filed in April 1991 was untimely.

Tseng, on the other hand, contends the filing of the notice of appeal of the judgment stayed the action in the trial court (Code Civ. Proc., § 916), and deprived the trial court of jurisdiction until the issuance of the remittitur.

"Under Code of Civil Procedure section 916, subdivision (a), 'Except as provided in [Code of Civil Procedure sections] 917.1 through 917.9 and in [Code of Civil Procedure section] 117[.7], the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . .' The first exception to this general principle is set forth in Code of Civil Procedure section 917.1, which states that the taking of an appeal shall not stay enforcement of a judgment or order if it is 'for money or directs the payment of money . . . .' A judgment for costs only is not deemed a money judgment within the meaning of Code of Civil Procedure section 917.1, on the rationale that any other construction would essentially negate the automatic stay provisions of Code of Civil

---

[3]Civil Code section 1717 provides, in relevant part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Procedure section 916, since virtually all judgments routinely award costs to the prevailing party. [Citations.]" (*Nielsen* v. *Stumbos* (1990) 226 Cal.App.3d 301, 303-304 [276 Cal.Rptr. 272].) The award of attorney fees pursuant to Civil Code section 1717 is to be treated like other incidental costs of litigation. (*Ibid.*)

In regard to the relationship between a motion for attorney fees and the effect of an appeal, it has been held that a motion for attorney fees is not premature despite a notice of appeal. In *Walsh* v. *New West Federal Savings & Loan Assn.* (1991) 234 Cal.App.3d 1539 [1 Cal.Rptr.2d 35], plaintiffs appealed the judgment in favor of defendant New West. New West cross-appealed from the trial court's denial of its motion for attorney fees pursuant to Civil Code section 1717. Plaintiffs contended New West's motion for attorney fees was premature because a final decision had not yet been rendered on appeal. The Court of Appeal pointed out that this argument was "inconsistent with statutory authority requiring a prevailing party to move for attorney's fees as an item of cost within a specified period of time after the court enters an order or judgment." (*Id.*, at p. 1547.)

Indeed, it has been held that a postjudgment award of attorney fees as costs may be subsumed in a previously filed notice of appeal. In *Grant* v. *List & Lathrop, supra*, 2 Cal.App.4th 993, the trial court rendered its order setting the amount of fees awarded after a notice of appeal had been filed. (*Id.*, at p. 996.) The Court of Appeal held that when a judgment awards costs and fees to a prevailing party and provides for the later determination of the amounts, the notice of appeal subsumes any later order setting the amounts of the award. Thus, it was not necessary for the appellants to file a separate appeal to challenge that aspect of the judgment, the notice of appeal being construed as encompassing both the judgment and the postjudgment order awarding costs.

Consistent with the analysis that the trial court retains jurisdiction to entertain a motion for attorney fees despite an appeal, it has been held an order granting wife's attorney fees, which constituted "an element of the costs of suit" pursuant to Civil Code section 1717 was "one concerning a 'matter embraced in the action [which is] not affected by the . . . order' previously appealed from. (Code Civ. Proc., § 916, subd. (a); see *Hennessy* v. *Superior Court* (1924) 194 Cal. 368, 371-372 [].)" (*In re Marriage of Sherman* (1984) 162 Cal.App.3d 1132, 1140 [208 Cal.Rptr. 832]; fns. omitted.)

In *Hennessy* v. *Superior Court* (1924) 194 Cal. 368 [228 P. 862], cited in *Sherman, supra*, the issue was the trial court's jurisdiction to hear a motion

to tax costs. The court held that the clerk of the trial court did not have authority to enter costs until they had been taxed and ascertained: "A motion to tax the cost bill made *after* the rendition and entry of final judgment is a 'matter embraced in the action and not affected by the order appealed from.' " Thus the petitioner was entitled to have the matter of costs judicially determined in the usual way. (*Id.*, at pp. 372-373.)

"[I]f the claimant fails to present a cost bill, a waiver of the right to costs results. The time provisions relating to the filing of a memorandum of costs, while not jurisdictional, are mandatory. (*Sepulveda* v. *Apablasa* (1938) 25 Cal.App.2d 381, 388-389[].)" (*Hydratec, Inc.* v. *Sun Valley 260 Orchard & Vineyard Co.* (1990) 223 Cal.App.3d 924, 929 [272 Cal.Rptr. 899].)

Because the judgment in favor of Tseng was a money judgment within the meaning of Civil Procedure section 917.1 ($3,500 in addition to attorney fees and costs), it was not automatically stayed upon the perfection of plaintiff's appeal. (*Nielsen* v. *Stumbos, supra,* 226 Cal.App.3d 301, 303-304.) Thus, Tseng's failure to file his motion for attorney fees during the pendency of the appeal could have resulted in a waiver of his attorney fees for trial.

However, "[t]he decision whether a party has waived costs by virtue of a late filing is left to the sound discretion of the trial court. (*Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 168 Cal.App.3d 485, 487-488 [].)" (*Gerard* v. *Ross* (1988) 204 Cal.App.3d 968, 983 [251 Cal.Rptr. 604] [affirming trial court's denial of leave to file late memorandum of costs].)

Thus, we must determine whether the trial court abused its discretion in ruling on Tseng's motion submitted after the appellate court's opinion was filed, more than a year after the judgment was entered in the trial court.

In *Hoover Community Hotel Development Corp.* v. *Thomson* (1985) 168 Cal.App.3d 485 [214 Cal.Rpt. 264], the court affirmed an award of attorney fees despite the fact that the memorandum of costs was not filed within the 10-day limitation period in effect at that time (Code Civ. Proc., § 1033, since repealed). "[W]e deem it settled that the time limitation set out in that section is likewise not jurisdictional in character and that a trial court has broad discretion in allowing relief from a late filing where, as here, there is an absence of a showing of prejudice to the opposing party. [Citations.]"

(168 Cal.App.3d at pp. 487-488, fn. omitted.)[4] The delay in that case was about 11 days.[5]

However, revisions in the Code of Civil Procedure and the promulgation of judicial rules reveal an intent to limit the discretion of the trial court. Prejudgment costs "shall be claimed and contested in accordance with rules adopted by the Judicial Council." (Code Civ. Proc., § 1034.) "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed." (Cal. Rules of Court, rule 870.2.) The time may be extended by written agreement of the parties. "In the absence of an agreement, the court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period *not to exceed 30 days*." (Cal. Rules of Court, rule 870(b)(3); italics added.)

According to statute and rule, attorney fees, when an item of costs, must be claimed within specified time limits. These costs procedures are not stayed automatically by an appeal. Thus, we must conclude the trial court abused its limited discretion by considering Tseng's motion for attorney fees for trial long after the 30-day maximum time extension allowed by rule.[6]

## 2. *Apportionment*

 Plaintiffs contend the trial court should have apportioned Tseng's attorney fees, awarding attorney fees for the contract claim only. Because we have determined that Tseng is not entitled to attorney fees for trial, we address the question of apportionment of the attorney fees awarded for the appeal only.[7]

Civil Code section 1717 limits recovery to attorney fees "incurred to enforce the provisions of [the] contract" which provides for attorney fees.

---

[4]The court noted, "[T]he prejudice referred to being that, if any, occasioned by a change of position or disadvantage incurred prior to the trial court's action and which is caused by the delay in seeking costs."

[5]The court also held the award was "a permissible, if arguably premature, disposition of an ancillary issue," despite an appeal of the underlying summary judgment. (*Id.*, at p. 487.)

[6]*Citizens Against Rent Control* v. *City of Berkeley* (1986) 181 Cal.App.3d 213, 227, fn. 10 [226 Cal.Rptr. 265], and *No Oil, Inc.* v. *City of Los Angeles* (1984) 153 Cal.App.3d 998 [200 Cal.Rptr. 768], cited by Tseng, are inapposite, as they concern a claim for attorney fees pursuant to Code of Civil Procedure section 1021.5, the private attorney general provision.

[7]Tseng argues that plaintiffs did not only promise to pay his attorney fees to enforce the indemnity provision in the lease but to pay his fees for defending any action concerning the leased property. Although Tseng's cross-complaint prayed for "attorney fees pursuant to the provisions of the said lease agreement," he did not allege facts to state a cause of action for contractual attorney fees nor did he present evidence of these at trial. The judgment awarded

"Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action. [Citations.]" (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 99 P.2d 83].)

■ " 'An award of attorney fees is a matter within the sound discretion of the trial court and absent a manifest abuse of discretion the determination of the trial court will not be disturbed. [Citation.]' (*Erich* v. *Granoff* (1980) 109 Cal.App.3d 920, 931 [].) . . . 'Discretion is abused in the legal sense "whenever it may be fairly said that in its exercise the court in a given case exceeded the bounds of reason or contravened the uncontradicted evidence." [Citations.]' (*People* v. *Mobile Magic Sales, Inc.* (1979) 96 Cal.App.3d 1, 8 [].)" (*Hadley* v. *Krepel* (1985) 167 Cal.App.3d 677, 682 [214 Cal.Rptr. 461].)

Tseng was the prevailing party on Sariaslani and Nazemi's action against him on the basis of the waiver provisions of the lease, as well as on his cross-complaint. On the first appeal, plaintiffs raised three issues: the adequacy of the personal injury damage award, the evidence of economic loss, and the applicability of the indemnity clause of the lease. ■ In light of the close interrelationship between Tseng's right to indemnification and his potential liability to plaintiffs, there was no obvious need or precise methodology apparent to apportion attorney fees among the various claims. Furthermore, it is not clear that the trial court did *not* in fact engage in some apportionment in determining the amount of the award. Indeed, the award of $5,000 for 65.5 hours of attorney time suggests some apportionment or discounting.

■ Plaintiffs also contend there was insufficient evidence to support the award of attorney fees. Tseng submitted his motion supported by the declaration of counsel. "Testimony or other direct evidence of the reasonable value of the services need not be introduced, the knowledge and experience of the trial judge being sufficient. [Citation.]" (*Clejan* v. *Reisman* (1970) 5 Cal.App.3d 224, 241 [84 Cal.Rptr. 897].) Substantial evidence supports the award of attorney fees for appeal.

There is no basis for finding reversible error in the trial court's award of attorney fees on appeal.

---

Tseng "attorneys fees and for costs in connection with his cross-complaint," and Tseng based his motion submitted postjudgment "on the ground that the contract on the basis of which the action was brought provided that the court shall award attorney's fees to the prevailing party in an action brought pursuant to the said contract." In its statement of decision, the trial court stated Tseng was entitled to judgment on his cross-complaint for contractual indemnity to indemnify him "for any payment on the judgment in favor of Hamadini, for attorney's fees and costs."

3. *Sanctions on Appeal*

Tseng requests an award of sanctions against plaintiffs and their attorney. The fact that we find the appeal meritorious in some respects is sufficient basis for rejecting Tseng's request. It cannot be said that the appeal was frivolous or taken solely for delay. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 26(a); *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179].)

### DISPOSITION

That portion of the order awarding Tseng attorney fees for trial service in the amount of $15,000 is reversed. In all other respects, the order is affirmed. The parties are to bear their own costs and attorney fees on this appeal.

Klein, P. J., and Croskey, J., concurred.