[No. B054702. Second Dist., Div. Seven. Sept. 4, 1992.]

RUSSELL G. BANKES et al., Plaintiffs, Cross-defendants and Appellants,
v.
CHARLES J. LUCAS et al., Defendants, Cross-complainants and
Respondents.

## COUNSEL

Haight, Brown & Bonesteel, Roy G. Weatherup and Jeffrey B. Margulies for Plaintiffs, Cross-defendants, and Appellants.

Silver & Arsht, Samuel J. Arsht and Linda Randlett Kollar for Defendants, Cross-complainants and Respondents.

## OPINION

JOHNSON, J.—Appellants, Russell and Marilyn Bankes, appeal from the order of the trial court awarding respondents, Charles and Marianne Lucas, additional attorney fees as costs incurred opposing postjudgment motions. In an earlier opinion reviewing the merits of the controversy, we concluded neither party was the "prevailing party" under the contract, entitling neither party to an award of attorney fees. As a result, we must reverse the postjudgment award of fees as well.

### FACTS AND PROCEEDINGS BELOW

Bankes and Lucas owned contiguous properties subject to a common declaration of covenants, conditions and restrictions (CC&R's). In 1987, Bankes filed a complaint against Lucas for breach of the CC&R's and abatement of a nuisance. Lucas filed a cross-complaint for breach of contract, assault and battery, intentional infliction of emotional distress and abuse of process.

The trial court found in favor of Lucas on every issue raised in the complaints. On June 18, 1990, judgment was entered in favor of Lucas and against Bankes for compensatory damages of $352,500 and punitive damages of $225,000. The judgment included attorney fees of $62,589 pursuant to the CC&R's and Civil Code section 1717.[1] On June 26, 1990, Lucas filed a separate memorandum of costs for $1,016.28. On June 27, 1987, Lucas filed a notice of entry of judgment.

---

[1]Civil Code section 1717 provides in pertinent part:

"(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the

On July 6, 1990, Bankes filed a motion for new trial or vacation of the judgment. This motion was denied on August 10, 1990.

On August 17, 1990, Bankes filed a notice of appeal and an undertaking on appeal.

On September 11, 1990, Lucas filed a motion for attorney fees in the amount of $13,040.66 incurred posttrial in opposing Bankes's motions for new trial, vacation of the judgment and undertaking on appeal. This motion was brought pursuant to Civil Code section 1717 and Code of Civil Procedure section 1033.5 which allows attorney fees to be awarded as costs to the prevailing party as authorized by statute or by contract.

On October 3, 1990, the trial court granted Lucas's motion for additional postjudgment attorney fees. Bankes separately appealed from the postjudgment award of attorney fees.

## Discussion

I.  *The Filing of a Notice of Appeal Does Not Prevent a Postjudgment Award of Attorney Fees.*

■  Contrary to Bankes's argument, the filing of a notice of appeal does not deprive the trial court of jurisdiction to award attorney fees as costs posttrial. Although a prevailing party at trial may not be the prevailing party after an appeal, it has been held that a motion for attorney fees is not premature despite the filing of a notice of appeal. (*Walsh v. New West Federal Savings & Loan Assn.* (1991) 234 Cal.App.3d 1539 [1 Cal.Rptr.2d 35] [finding contrary holding would conflict with statutory provisions requiring a prevailing party to move for attorney fees as an item of cost within a specified period of time after entry of judgment]; disagreeing with *Mabee v. Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420 [152 Cal.Rptr. 31] [holding award of attorney fees inappropriate until there is a final judgment later superceded by amendment to Civ. Code, § 1717].)

In fact, a postjudgment award of attorney fees may be subsumed in a previously filed notice of appeal. (*Grant v. List & Lathrop* (1992) 2

parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit."

Cal.App.4th 993 [3 Cal.Rptr.2d 654] [court's order setting attorney fee award entered after notice of appeal filed].)

In any event, an award of attorney fees as costs is a collateral matter which is embraced in the action but is not affected by the order from which an appeal is taken. (Code Civ. Proc., § 916, subd. (a); *In re Marriage of Sherman* (1984) 162 Cal.App.3d 1132, 1140 [208 Cal.Rptr. 832].) Consequently, filing of a notice of appeal does not stay any proceedings to determine the matter of costs and does not prevent the trial court from determining a proper award of attorney fees claimed as costs.

We consequently reject Bankes's argument as without merit.

II. *Lucas Was Not the Prevailing Party on the Contract and the Postjudgment Motion for Additional Attorney Fees Was Untimely.*

In an unpublished opinion filed June 25, 1992, we reviewed the merits of the underlying action in this appeal (*Bankes* v. *Lucas*, B052458). We reversed the judgment in its entirety except the findings on the cause of action for assault and battery in favor of Lucas and against Bankes. We consequently determined neither party received greater relief under the CC&R's and that neither was a "prevailing party" under the contract causes of action. As a result, the award to Lucas of attorney fees in the judgment pursuant to Civil Code section 1717 had to be reversed. ▉ It naturally follows the postjudgment award of fees to Lucas as the prevailing party on the contract that is the subject of this appeal must also be reversed.

Were this not the case, the postjudgment award of fees would need to be reversed in any event.

Generally, when a judgment includes an award of costs and fees, the amount of the award is left blank for future determination. (See, e.g., *UAP-Columbus JV 326132* v. *Nesbitt* (1991) 234 Cal.App.3d 1028, 1039 [285 Cal.Rptr. 856]; *Grant* v. *List & Lathrop, supra,* 2 Cal.App.4th 993, 996-997.) After the parties file their motions for costs and any motions to tax costs, the trial court holds a postjudgment hearing to determine the merits of the competing contentions. When the court's subsequent order setting the final amount is filed, the clerk enters the amounts on the judgment nunc pro tunc. That procedure, however, was not followed in this case. Lucas was awarded attorney fees as part of the judgment. Lucas subsequently filed a memorandum of costs, excluding any request for additional attorney fees. Several months later, Lucas filed an additional motion for postjudgment attorney fees.

In 1981, the Legislature amended Civil Code section 1717 to state attorney fees under that section are "an element of the costs of suit." Some commentators were of the opinion this amendment had the effect of eliminating the need for parties seeking fees as the prevailing party on a contract cause of action to elect whether to claim attorney fees as costs or to treat them as damages, subject to proper pleading and proof at trial. (7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, § 154, p. 579; Pearl, Cal. Attorney's Fees Award Practice (Cont.Ed.Bar Supp. June 1991) § 1.3, p. 4; *Attorney's Fees and Civil Code 1717* (1981) 13 Pacific L.J. 234; *Review of Selected 1981 Legislation* (1981) 13 Pacific L.J. 604.)

Any residual ambiguity was subsequently clarified by the Legislature. In 1990, the Legislature amended Code of Civil Procedure section 1033.5 to allow attorney fees as costs to a prevailing party when authorized by either statute or contract.[2] ■ ■ ■ ■ ■ Subdivision (c)(5) of this section was also amended to specify "Attorney's fees awarded pursuant to Section 1717 of the Civil Code are allowable costs under Section 1032. . . ."[3]

---

[2]We consequently reject any argument Lucas was precluded from requesting fees as costs by allegedly "electing" to treat them as damages by failing to include them in their initial cost memorandum.

[3]Although not strictly necessary to our decision, we note the parties apparently do not contest the applicability of the 1990 amendment to this appeal. (See *Nazemi* v. *Tseng* (1992) 5 Cal.App.4th 1633 [97 Cal.Rptr. 30] [assuming 1990 amendment applied without discussion of retroactive effect].) The amendment is remedial, intended only to clarify the procedural aspects for claiming attorney fees as costs. As such, the amendment does not affect or alter the legal effect of past transactions, and there does not appear to be any other compelling reason for purely prospective effect. (See *Coast Bank* v. *Holmes* (1971) 19 Cal.App.3d 581, 595 [7 Cal.Rptr.2d 762].)

As stated in *Harbor View Hills Community Assn.* v. *Torley* (1992) 5 Cal.App.4th 343 [7 Cal.Rptr.2d 96], "statutes increasing or decreasing allowable litigation costs, even if silent concerning retroactivity, have been consistently applied to cases pending when the statutes became effective. A statute permitting the premium on a surety bond to be included as an item of costs was applied to an action pending at the time of its enactment in *Stockton Theaters, Inc.* v. *Palermo* (1956) 47 Cal.2d 469, 477 [304 P.2d 7]. In *Record* v. *Indemnity Ins. Co.* (1951) 103 Cal.App.2d 434 [229 P.2d 851], the court held an amendment to Labor Code section 3856, providing for payment of attorney fees incurred by an employee in actions against a third party tortfeasor, applied to a judgment on a cause of action which arose prior to the effective date of the enactment. (*Id.* at p. 444.) The court in *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920 [102 Cal.Rptr. 248], held statutory changes authorizing fee awards applied to appeals from orders made before their effective dates. (*Id.* at p. 923; see also *Kievlan* v. *Dahlberg Electronics, Inc.* (1978) 78 Cal.App.3d 951, 959 [144 Cal.Rptr. 585].)" (*Harbor View Hills Community Assn.* v. *Torley, supra,* 5 Cal.App.4th at p. 347 [holding amendment to Civ. Code, § 1717 allowing attorney fees to be treated as costs applied retroactively to pending litigation; see also *Hogan* v. *Ingold* (1952) 38 Cal.2d 802, 815 [243 P.2d 1, 32 A.L.R.2d 834] ["statutes either increasing or decreasing the allowable costs, including attorney fees, are consistently applied to litigation pending when such statutes became effective, unless a contrary intent clearly appears from the statute."].)

The comment accompanying the 1990 amendment states: "The Legislature finds and declares that there is great uncertainty as to the procedure to be followed in awarding attorney's fees where entitlement thereto is provided by contract to the prevailing party. It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs which are to be awarded only upon noticed motion, except where the parties stipulate otherwise or judgment is entered by default. It is further the intent of the Legislature to vest the Judicial Council with the discretion provided in Section 1034 of the Code of Civil Procedure to adopt procedural guidelines establishing the time for the hearing of these motions, but the Legislature finds and declares that the criteria set forth in Section 870.2 of the California Rules of Court provide a fair and equitable procedure for the motions." (Stats. 1990, ch. 804, § 2.)

In 1986, the Judicial Council adopted rule 870.2 of the California Rules of Court. That rule provides "Any notice of motion to claim attorney fees as an element of costs under Civil Code section 1717 shall be served and filed before or at the same time the memorandum of costs is served and filed. If only attorney fees are claimed as costs, the notice of motion shall be served and filed within the time specified in rule 870(a)(1)."

California Rules of Court, rule 870(a)(1) specifies: "A prevailing party who claims costs shall serve and file a memorandum of costs within 15 days after the date of mailing of the notice of entry of judgment . . . or the date of service of written notice of entry of judgment . . . , or within 180 days after entry of judgment, whichever is first." Consequently, Lucas's posttrial request for attorney fees as costs was appropriate if requested by noticed motion within 15 days of mailing or service of the notice of entry of judgment.

Alternatively, California Rules of Court, rule 870(b)(3) authorizes extensions of time by stipulation of the parties or by the court. That subsection provides: "The party claiming costs and the party contesting costs may agree to extend the time for serving and filing the cost memorandum and a motion to strike or tax costs. This agreement shall be confirmed in writing, specify the extended date for service, and be filed with the clerk. In the absence of an agreement, the court may extend the times for serving and filing the cost memorandum or the notice of motion to strike or tax costs for a period not to exceed 30 days."

Notice of entry of judgment was mailed in June. The motion for posttrial attorney fees was not made "at the same time the memorandum of costs" was filed and served. In fact, Lucas did not file a motion for additional

attorney fees until September. Even assuming the trial court granted the maximum extension of time for filing such requests, Lucas's request for postjudgment attorney fees as costs was clearly not timely. (See, e.g., *Nazemi* v. *Tseng, supra,* 5 Cal.App.4th 1633 [failure to seek attorney fees within time parameters of California Rules of Court waived right to fees incurred at trial].)

## DISPOSITION

The judgment is reversed. Each side to bear its costs on appeal.

Lillie, P. J., and Woods (Fred), J., concurred.

A petition for a rehearing was denied September 22, 1992.