Filed 1/8/26  OneTaste v. Netflix CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ONETASTE INCORPORATED,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>NETFLIX, INC.,<br><br>Defendant and Respondent. | B342250<br><br>(Los Angeles County<br>Super. Ct. No. 23STCV27119) |

APPEAL from an order of the Superior Court of Los Angeles County, Holly J. Fujie, Judge.  Affirmed.

Landes Law Corporation and Ezra D. Landes for Plaintiff and Appellant.

Horvitz & Levy, Mark A. Kressel, Jeremy B. Rosen; Davis Wright Tremaine, Jonathan Segal, Rachel R. Goldberg, and Samantha Lachman for Defendant and Respondent.

————————————————

In April 2024, the trial court granted defendant and respondent Netflix's special motion to strike plaintiff and appellant OneTaste's defamation complaint as a strategic lawsuit against public participation (SLAPP) under Code of Civil Procedure section 425.16.[1]  OneTaste now appeals from the order awarding statutory attorney fees and costs to Netflix as the prevailing defendant.  OneTaste contends the trial court lacked jurisdiction to issue the award while the prior appeal was pending.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2023, OneTaste filed a defamation lawsuit alleging that Netflix released a documentary falsely implicating OneTaste in the sexual assault and abuse of a former employee.  Netflix filed a special motion to strike the complaint, or an anti-SLAPP motion, under section 425.16, subdivision (b)(1).  In 2024, the trial court granted Netflix's motion.  We affirmed the trial court's order.  (*OneTaste Inc. v. Netflix, Inc.* (2025) 116 Cal.App.5th 174.)

In June 2024, while OneTaste's appeal was pending, Netflix moved for attorney fees and costs in the trial court.  Netflix requested $251,870.70 in attorney fees and $3,780.51 in costs under section 425.16, subdivision (c)(1).  Netflix argued that its request was reasonable because OneTaste "made the process needlessly more complex and difficult through its litigation conduct" by asserting "a muddled claim for defamation," misrepresenting the applicable legal standards, making improper legal arguments based on inadmissible evidence, and submitting an untimely supplemental declaration and exhibits one business day before the hearing on the motion.

---

[1]     All further statutory references are to the Code of Civil Procedure.

OneTaste opposed the motion on the ground that the trial court lacked jurisdiction to consider it. OneTaste argued that since it had filed a notice of appeal from the order granting the anti-SLAPP motion, section 916 automatically stayed all trial court proceedings. OneTaste asserted "the merits of the appeal and the fees motion [were] inextricably intertwined," thus the trial court could not address Netflix's arguments about the quality of OneTaste's evidence and legal analysis until the appeal was resolved. OneTaste also stated it was "preserv[ing] its objections to the extent that Netflix's motion seeks to recover fees that cannot be recovered under the anti-SLAPP statute" and its objections to the anti-SLAPP statute on constitutional grounds.

In September 2024, the trial court granted Netflix's attorney fee motion. The court concluded that under prevailing case law, it retained jurisdiction to award fees while the appeal from its order granting Netflix's anti-SLAPP motion was pending. The court further found that OneTaste presented no evidence that Netflix's requested fees and costs were unreasonable. The court awarded Netflix its requested $251,870.70 in fees and $3,780.51 in costs. OneTaste timely appealed.

## DISCUSSION

## I. Legal Principles and Standard of Review

### A. Attorney fees under section 425.16

Defendants who prevail on anti-SLAPP motions are entitled to attorney fees and costs. (§ 425.16, subd. (c).) "The fee-shifting provision was apparently intended to discourage . . . strategic lawsuits against public participation by imposing the litigation costs on the party seeking to 'chill the valid exercise of the constitutional rights of freedom of speech and petition for the

3

redress of grievances.' (*Id.*, subd. (a).)" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131 (*Ketchum*).)

"In general, the party prevailing on a special motion to strike may seek an attorney fees award through three different avenues: simultaneously with litigating the special motion to strike, by a subsequent noticed motion, or as part of a cost memorandum . . . ." (*Melbostad v. Fisher* (2008) 165 Cal.App.4th 987, 992 (*Melbostad*).) "Although a trial court's ruling on the propriety of an attorney fees award is generally reviewed under an abuse of discretion standard, the determination of whether the trial court had the statutory authority to make such an award is a question of law that we review de novo." (*Carpenter v. Jack in the Box Corp.* (2007) 151 Cal.App.4th 454, 460 (*Carpenter*).)

### B. Stays pending appeal

Section 916, subdivision (a) provides that, subject to exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

" '[W]hether a matter is "embraced" in or "affected" by a judgment [or order] within the meaning of [section 916] depends on whether postjudgment [or postorder] proceedings on the matter would have any effect on the "effectiveness" of the appeal.' [Citation.]" (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 189 (*Varian*).) However, "an appeal does not stay proceedings on 'ancillary or collateral matters which do not affect the judgment [or order] on appeal' . . . despite their potential effect on the appeal." (*Id.* at p. 191.)

4

## II. The Trial Court Retained Jurisdiction to Award Attorney Fees While OneTaste's Appeal Was Pending[2]

OneTaste contends the trial court did not have jurisdiction to award Netflix attorney fees because section 916 automatically stayed all trial court proceedings when OneTaste appealed from the order granting Netflix's anti-SLAPP motion. We disagree.

"A statutory fee motion 'does not create a new cause of action . . .' [citation], much less a new 'action.' It is a collateral matter, ancillary to the main cause. [Citations.] It ' "seeks what is due because of the judgment . . . ." ' [Citation.]" (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 636–637 (*Serrano*).) An attorney fee motion is therefore "embraced in the action but is not affected by the order from which the appeal is taken. (Code Civ. Proc., § 916,

---

[2] The trial court's order granting Netflix's anti-SLAPP motion did not expressly dismiss the complaint, nor does the record include a subsequently entered judgment of dismissal. Nonetheless, consistent with our conclusion that anti-SLAPP attorney fees are ancillary to the main cause of action, we conclude that we have jurisdiction over OneTaste's appeal from the fee award under the collateral order exception to the one final judgment rule. (*City of Colton v. Singletary* (2012) 206 Cal.App.4th 751, 781–782 [finding anti-SLAPP attorney fee awards directly appealable because they are "ancillary" to main causes of action and direct payment of money by appellant to respondent]; see also *Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 250–251 [fee order under § 425.16, subd. (c), appealable because order "dismissing a case on the basis of the anti-SLAPP statute" was "akin to a final judgment"; *Melbostad*, *supra*, 165 Cal.App.4th at pp. 994–996 [order granting special motion to strike was written dismissal disposing of entire case and therefore judgment under §§ 577 & 581d].)

subd. (a); [citation].)" (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369.) Accordingly, "[a]lthough a prevailing party at trial may not be the prevailing party after an appeal, it has been held that a motion for attorney fees is not premature despite the filing of a notice of appeal." (*Id.* at p. 368; see also *id.* at p. 369 [award of attorney fees under Civ. Code, § 1717 is collateral, and proceeding to determine fees is not stayed by notice of appeal]; see also *Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1052 [same]; *Domestic Linen Supply Co., Inc. v. L J T Flowers, Inc.* (2020) 58 Cal.App.5th 180, 187 ["It is well settled that the filing of an appeal does not stay a motion for attorney fees."].)

Consistent with this principle, trial courts retain jurisdiction to resolve attorney fee motions under section 425.16, subdivision (c), while appeals from orders on the merits are pending. Indeed, in *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, this court held that the trial court "properly concluded it had jurisdiction to proceed [on the defendant's attorney fee motion under section 425.16, subdivision (c),] because the trial court 'retains jurisdiction to entertain a motion for attorney fees despite an appeal' " from the order granting the defendant's anti-SLAPP motion. (*Id.* at p. 360, quoting *Nazemi v. Tseng* (1992) 5 Cal.App.4th 1633, 1639 ["In regard to the relationship between a motion for attorney fees and the effect of an appeal, it has been held that a motion for attorney fees is not premature despite a notice of appeal."].) Even in the context of a plaintiff who has successfully opposed an anti-SLAPP motion, and can only recover attorney fees by showing the motion was frivolous or solely intended to cause delay, courts have concluded that a defendant's appeal of the trial court's order on the merits does not divest the trial court of jurisdiction to consider the

6

plaintiff's fee motion while the appeal is pending. (*Carpenter*, *supra*, 151 Cal.App.4th at p. 461, quoting *Doe v. Luster* (2006) 145 Cal.App.4th 139, 144 [" 'Even if the order granting the [special motion to strike under § 425.16] has been appealed, the trial court retains jurisdiction to entertain a motion for attorney fees.' "].)

We find no basis to come to a contrary conclusion in this case. To award attorney fees to a prevailing defendant under section 425.16, subdivision (c), trial courts need only determine whether the requested fees were reasonable. (See *Ketchum*, *supra*, 24 Cal.4th at pp. 1141–1142 ["[O]nce [the anti-SLAPP] motion was successful, attorney fees were *mandatory*."].) The inquiry does not require the trial court to pass upon the merits of the arguments made in the anti-SLAPP motion or the merits of the complaint, such that the trial court's decision could contradict the outcome of an appeal on the underlying motion. (Cf. *Varian*, *supra*, 35 Cal.4th at p. 193 [appellate reversal of the trial court's order denying anti-SLAPP motions was "irreconcilable" and "inherently inconsistent with" trial court's judgment for plaintiff following trial].) The attorney fee proceedings did not require the trial court to resolve " ' "issues going to the validity or correctness" ' " of its order granting Netflix's special motion to strike.

That Netflix cited OneTaste's litigation conduct to justify the fees incurred did not mean the merits would have to be relitigated in the trial court. An opposing party's litigation tactics are relevant to determining the reasonableness of hours worked for purposes of a fee award. (*Serrano*, *supra*, 32 Cal.3d at p. 634, fn. 18 [fee award should "reflect the litigiousness of the opposition in the hours required by plaintiff to respond"]; see

7

*Calvo Fisher & Jacob LLP v. Lujan* (2015) 234 Cal.App.4th 608, 627 ["the amount of attorney fees incurred by Calvo & Clark in pursuit of its fee case was increased by Lujan's own conduct"].) While Netflix in its fee motion may have characterized OneTaste's arguments and evidence as erroneous and irrelevant, the trial court did not have to assess the merits of OneTaste's position to determine whether the extent or nature of its litigation conduct warranted Netflix's requested fees.

OneTaste's cited authorities do not support its argument. Most of the cited cases held that perfected appeals divested the trial court of jurisdiction to conduct proceedings on matters *other than attorney fee motions*. (See, e.g., *Varian, supra*, 35 Cal.4th at p. 191 [judgment following trial]; *Kinard v. Jordan* (1917) 175 Cal. 13, 15 [motion to dismiss for want of prosecution]; *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 911 [motion to set aside default].) These cases do not undermine the principle that statutory attorney fee awards, generally or in the anti-SLAPP context specifically, are collateral orders and section 916 does not apply to divest the trial court of jurisdiction to entertain a statutory fee motion. (See *Fairbanks v. Superior Court* (2009) 46 Cal.4th 56, 64 ["a judicial decision is not authority for a point that was not actually raised and resolved"]; *McConnell v. Advantest America, Inc.* (2023) 92 Cal.App.5th 596, 611 ["A case is not authority for a proposition not considered therein or an issue not presented by its own particular facts."].)

OneTaste's reliance on *Barry v. State Bar of California* (2017) 2 Cal.5th 318, is also unavailing. In *Barry*, a trial court granted an anti-SLAPP motion after finding it lacked subject matter jurisdiction over the attorney discipline issues that were central to the complaint. (*Id*. at pp. 322–323.) The plaintiff

8

argued this finding necessarily meant the court also lacked jurisdiction to rule on a subsequent motion for attorney fees. The *Barry* court rejected the argument. The court reasoned that a "trial court that strikes a cause of action arising from protected activity on the ground that the court lacks subject matter jurisdiction has the incidental power to require the plaintiff to compensate the defendant for the undue burden of defending against the nonmeritorious claim." (*Id.* at p. 327.) The decision did not, as OneTaste suggests, state any rule limiting a trial court's ability to consider an attorney fee motion after granting an anti-SLAPP motion to the circumstances presented in *Barry*. In fact, our high court acknowledged that its holding was consistent with the conclusion that courts lacking jurisdiction over the merits of an action "may nevertheless consider 'collateral issues' such as whether the prevailing party should be awarded its litigation expenses . . . ." (*Id.* at p. 326.)

The attorney fee proceedings under section 425.16, subdivision (c), were collateral to the merits of the appeal from the trial court's order granting Netflix's anti-SLAPP motion. The trial court retained jurisdiction to issue the fee award while OneTaste's appeal on the merits was pending.

## III. OneTaste Has Forfeited Any Other Arguments

Below, OneTaste asserted the trial court awarded at least $8,900 in fees to Netflix that are not recoverable under the anti-SLAPP statute. Yet, rather than briefing the argument after stating it, OneTaste merely indicated it was identifying the argument to "preserve" its objection. The trial court concluded Netflix's hours and rates were reasonable because OneTaste had not presented any evidence to support its contention. (See *Premier Medical Management Systems, Inc. v. California Ins.*

9

*Guarantee Assn.* (2008) 163 Cal.App.4th 550*, 563–564 [party opposing motion under § 425.16, subd. (c), has burden to demonstrate fees claimed are inappropriate or unreasonable].) On appeal, OneTaste again indicates it merely seeks to "preserve" the same argument, without contending the trial court erred in finding that OneTaste failed to meet its evidentiary burden. OneTaste has therefore forfeited any argument regarding the reasonableness of the fee award on appeal. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [trial court's judgment or order is presumed correct and error must be affirmatively shown]; see also *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 492 [rejecting claim that fee award was excessive where plaintiff "made no effort to demonstrate that the trial court abused its discretion in determining (implicitly) that [fees were] reasonable under the circumstances of this case"].)

OneTaste also contends the trial court should have rejected Netflix's attorney fee motion on the ground that application of the anti-SLAPP statute to OneTaste's claims violated its constitutional rights. We previously rejected OneTaste's constitutional objections to the anti-SLAPP statute in our opinion affirming the order granting Netflix's special motion to strike, and we need not address the issue again here.

## DISPOSITION

The order is affirmed.  Respondent to recover costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ADAMS, J.


We concur:



EGERTON, Acting P. J.



HANASONO, J.